## Menge *versus* Wiley.

A., having obtained judgment against B., issued writs of fi. fa. thereon, which were levied on certain goods. Said goods were claimed by B.'s wife, who obtained an issue under the interpleader act, and filed a bond, which was approved. The fi. fas. were thereupon returned "stayed by interpleader." B.'s wife failed, however, to file a declaration within the time required by rule of court, thus abandoning her claim. A. thereupon issued writs of alias fi. fa. which were levied on the same goods. B.'s wife again claimed them and obtained a rule for an issue to determine her ownership. A. then issued writs of vend. ex. directed against the goods and obtained a rule to set aside the alias fi. fas. on the ground that they had been improvidently and improperly issued. B.'s wife then took a rule to set aside the writs of vend. ex. on the ground that A., by issuing the alias fi. fas., had abandoned the levies under the original fi. fas. The court discharged both the rules for an issue, and that to set aside the writs of vend. ex., and made absolute the rule setting aside the alias fi. fas.,— *Held*, that this was not error.

May 17th 1882. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

ERROR to the Court of Common Pleas of *Lancaster county:* Of January Term 1882, No. 122.

The facts of this case were as follows:—Wiley Brothers having obtained two judgments against Jacob Menge, on judgment notes with waiver of exemption, issued fi. fas. thereon to November Term 1877 and levied on certain personal property, which was thereupon claimed by Kunegunda Menge, defendant's wife. The court awarded an issue under the Sheriff's Interpleader Act, and approved the claimant's bond. The fi. fas. were returned "Writ stayed by interpleader." The claimant did not file a narr. within twenty days from the granting of the issue, as required by Rule of Court 14, § 1, which provides: "The declaration in said issue shall be filed by the claimant within twenty days . . . and a failure to file a declaration as aforesaid shall be deemed an abandonment of the claim." Subsequently on December 13th 1880, Wiley Brothers issued alias fi. fas. on their judgments and a new levy was made upon the same personal property or a part thereof, and also on other property. The defendant's wife again made claim to the property, and on December 28th 1880, obtained a rule to show cause why an issue should not be granted. Pending this rule, on January 8th 1881, Wiley Bros issued writs of vend. exps., and on January 15th 1881 obtained a rule to show cause why the said writs of alias fi. fa. should not be set aside, on the ground that they had been improvidently and improperly issued. The defendant thereupon took a rule to set aside the writs of vend. exp., on the ground that the plaintiffs, by issuing the alias fi.

[Menge *v.* Wiley.]

fas. abandoned the levy under the original fi. fas., which could not be restored by setting aside the alias fi. fas.

These three rules, viz (1) Claimant's rule for a second issue; (2) Plaintiff's rule to set aside the alias fi. fas.; and (3) Defendant's rule to set aside vend. exps., were argued together. The court discharged rule (1) and (3) and made absolute rule (2); PATTERSON, J., filing the following opinion (after reciting the facts):

"Of course the rule for an issue at this time, and according to the history of the proceedings recited, must be denied. And, as we have recited, the return of the sheriff, (which should not have been made, of the several fi. fas. and levy, upon which the said issue to November Term 1877, No. 110, was granted) to wit: ' Writs stayed by interpleader,' the rule to set aside the alias fi. fas. to January 3d 1881, Nos. 23 and 24, and asked for by the party issuing them, will therefore prevail, and be allowed, as it would seem there was nothing to justify, in this proceeding, the issuing of said alias fi. fas.

" The execution creditor may follow the property of the debtor by his vend. exps.:   Bain et al. *v.* Lyle, 18 Smith 60; Pontius *v.* Nesbit et. al., 4 Wr. 309.

" As the record now stands, we do not feel that it is necessary to say anything more; for, governed by the law and by the rules of practice, we must discharge the rule asking to set aside the several vend. exps. to January Term 1881, Nos. 44 and 45, and also the rule asking for an issue.

" The rules asking to set aside the several alias to January Term 1881, Nos. 23 and 24, are made absolute."

The defendant thereupon took this writ of error, and filed the following assignments of error:

1. The court below erred in not setting aside the vend. exps. as the same could not issue while the alias fi. fa. was in force and in the sheriff's hands, and levy made on defendant's personal property, there having been previously issued a fi. fa. on the same judgment and levy made by a former sheriff on defendant's personal property, which he returned, writ stayed by interpleader, and issue granted and bond filed, which issue remained undetermined when the alias fi. fa. and vend. exps. were issued.

2. As long as the issue remained in force and undetermined, granted on the original fi. fa., all subsequent proceedings are erroneous and irregular.

*Steinmetz* and *Amwake*, for the plaintiff in error.—The issuing of the alias fi. fa. was an abandonment of the levy under the original fi. fa.; and therefore the vend. ex., founded on the original fi. fa., was improperly issued, and should have been set

[County of York *v.* Crafton.]

aside: Missimer *v.* Ebersole, 6 Norris 109; Burns *v.* Toner, 9 Phila. 37.

*J. W. Johnson,* for the defendant in error, cited: Pontius *v.* Nesbit, 4 Wright 311; Ingham *v.* Snyder, 1 Wh. 116; Young *v.* Taylor, 2 Binney 230; Frisch *v.* Miller, 5 Barr 315.

Mr. Justice PAXSON delivered the opinion of the court, October 2d 1882.

The judgment of the court below has been so well vindicated by the opinion of the learned judge, that little remains to be added. The writs of fieri facias, as originally issued, and upon which a levy was made by the sheriff upon the personal property of the defendant below, were returned stayed, by reason of a claim upon said property by Kuncgunda Menge, the wife of the defendant. Whereupon the court below awarded an issue under the interpleader act, and approved the bond filed by the claimant. She failed to file her narr., however, and under the rule of court in force in Lancaster county, such failure amounted to an abandonment of her claim. Subsequently, the plaintiff issued an alias fi. fa. on each writ, and levied upon the same property. The defendant's wife again made claim to the property, and asked for an issue, which issue was properly refused by the court. The plaintiff then issued a writ of venditioni exponas in each case ; whereupon two rules were taken below, viz.: a rule upon the part of the plaintiff to set aside their alias fieri facias, and a rule on the part of the defendant to set aside the writ of venditioni exponas. The court below made the first rule absolute and discharged the latter.

We see no error in this ruling. The issue of the alias fi. fa. was an irregularity, but it has done the defendant no harm, and it is well settled that the creditor may follow the property of his debtor, and sell the same upon a vend. ex.: Bain *v.* Lyle, 18 P. F. S. 60.

Judgment affirmed.